UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, LAURA ELDRIDGE, AND ATTORNEY GENERAL,<br><br>Respondent. | Case No.  1:21-cv-00187-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY EVIDENTIARY HEARING<br><br>(Doc. No. 6)<br><br>ORDER DIRECTING CLERK TO SEND PETITIONER § 1983 COMPLAINT FORM |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Before the court is petitioner's motion for emergency evidentiary hearing. (Doc. No. 6).

1. Evidentiary Hearing

An evidentiary hearing in a habeas proceeding is granted only under limited circumstances. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Because no response to the petition has yet been filed, it is premature to hold an evidentiary hearing. *See* Rules Governing Section 2254 Cases, R. 8(a). Petitioner's motion for an evidentiary hearing (Doc. No. 6) is premature.

2. Civil Rights Claim

Although titled as seeking an emergency evidentiary hearing, petitioner alleges that prison officials are torturing him, have denied him access to health care, and are treating him cruelly and

inhumanely.  (Doc. No. 6 at 1-2).  Such claims turn on petitioner's conditions of confinement and are inappropriate on habeas review.  *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (noting purpose of habeas is to challenge "legality or duration" of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)).  Instead, "a [42 U.S.C.] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life."  *Preiser*, 411 U.S. at 499.  Therefore, to the extent petitioner wishes to challenge his conditions of confinement, he should do so in a § 1983 civil rights action.[1]

Accordingly, it is ORDERED:

1. Petitioner's motion for emergency evidentiary hearing (Doc. No. 6) is denied.
2. The clerk of court is directed to provide petitioner with a blank § 1983 civil rights complaint form.

IT IS SO ORDERED.

Dated:   March 4, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The court, by separate order, has directed the clerk of court to notify the appropriate prison officials of petitioner's claims.