UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, LAURA ELDRIDGE, AND ATTORNEY GENERAL<br><br>Respondent. | Case No. 1:21-cv-00187-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST CLAIMS[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(Doc. No. 1) |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). This matter is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Because petitioner is currently seeking habeas relief in the state court, the petition is premature. Therefore, the court recommends that the petition be dismissed.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

## I. BACKGROUND

Petitioner initiated this case on February 16, 2021 by filing the instant petition. (Doc. No. 1). Petitioner challenges his 2018 conviction and 40-years to life sentence for, *inter alia*, attempted murder entered by the Tulare County Superior Court. (*Id*. at 1-2). Petitioner claims that the evidence presented at trial "lacked foundation" and that his counsel was ineffective. (*Id*. at 5-6). Petitioner is currently seeking state habeas relief in the California Supreme Court.[2] *Yocom (Michael Allen) on H.C.*, No. S266454 (Cal. Jan. 6, 2021).

## II. APPLICABLE LAW

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)).

However, a habeas petitioner's exhaustion requirement is not satisfied where there is a pending post-conviction proceeding in state court. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (1983). This is true even if the issue a petitioner seeks to raise in federal court has been determined by the highest state court. *Id*. This is because the pending state court action "may result in the reversal of

---

[2] The Court has reviewed the California Courts Appellate Courts Case Information online database and takes judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Courts Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Michael Yocom").

the petitioner's conviction on some other ground, thereby mooting the federal question." *Id.* Accordingly, a federal habeas petition is premature if filed while a state habeas action is pending.

### III. ANALYSIS

Because petitioner's state habeas case has yet to be decided, the instant petition is premature. Indeed, Petitioner has filed two other premature petitions attacking the same conviction as that of the instant petition, both of which were dismissed because Petitioner's direct appeal was still pending. *See Yocom v. Attorney General*, No. 1:20-cv-00645-DAD-JDP (E.D. Cal. July 1, 2020); *Yocom v. Attorney General*, No. 1:20-cv-01141-DAD-SAB (E.D. Cal. Nov. 20, 2020).[3] Therefore, the court will recommend that the petition be dismissed without prejudice to refiling once petitioner's state court proceedings have concluded.

### IV. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should

---

[3] Because those petitions were dismissed without prejudice for failure to exhaust, the instant petition is not considered "second or successive." *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000). However, Petitioner is directed to refrain from filing any additional habeas petitions with this court his state collateral proceedings have concluded.

be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is ORDERED:

The clerk of court is directed to assign this case to a district judge.

Further, it is RECOMMENDED:

1. The petition (Doc. No. 1) be DISMISSED without prejudice to petitioner refiling after his state habeas case is concluded.

2. Petitioner be denied a certificate of appealability.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  April 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE