UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, LAURA ELDRIDGE, AND ATTORNEY GENERAL,<br><br>Respondent. | Case No. 1:21-cv-00187-NONE-HBK<br><br>ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR RECONSIDERATION<br><br>(Doc. No. 18)<br><br>ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY EVIDENTIARY HEARING<br><br>(Doc. No. 18)<br><br>ORDER DENYING PETITIONER'S EMERGENCY MOTION TO COMPEL<br><br>(Doc. No. 18) |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Before the court is petitioner's pleading titled "Emergency Motions." (Doc. No. 18). The following requests for relief are incorporated in the pleading: (1) motion for reconsideration; (2) motion for evidentiary hearing, (3) motion to compel, and (4) motion for extension of time to file objections to this court's findings and recommendations. (Doc. No. 18). Because petitioner seeks an extension of time to file objections to the undersigned's Findings and Recommendations issued on April 12, 2021 (Doc. No. 17), the court does not construe the instant motion as plaintiff's objections to the

undersigned findings and recommendations.  Further, the court previously granted petitioner an extension of time to file his objections to the court's findings and recommendations through separate order, thus mooting this portion of the relief requested.  (*See* Doc. No. 19, granting petition a 45-day extension, until June 7, 2021, to file his objections).   The court addresses the remaining requests for relief.

> I. Motion for Reconsideration

The court construes petitioner's motion for reconsideration as brought under Federal Rule of Civil Procedure 60(b).  (Doc. Nos. 17, 18).  Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See United States v. Westland Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Rule 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Under Local Rule, the moving party seeking reconsideration of an order must submit an "affidavit . . . setting forth the material facts" that show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

Petitioner requests the court to reconsider its recommendation that the petition be dismissed without prejudice for petitioner's failure to exhaust his claims before the state courts.

(Doc. No. 17). Petitioner has not stated any reasons for this court to reconsider its findings and recommendations, such as the discovery of new evidence, fraud, or mistake. On the contrary, petitioner's motion demonstrates that he is currently seeking relief from the state courts and has therefore not exhausted his claims, as required by 28 U.S.C. § 2254(b)(1). Petitioner notes he recently had a hearing before the state court and that he currently has two petitions pending before the state trial court and one petition pending before the state supreme court. (Doc. No. 18 at 2, 4). Petitioner states the "state courts have turned a blind eye" to his claims and disagrees that he should be required to avail himself first of the avenues of possible relief from the state courts. (*Id*. at 2). Other than pointing out that the previous motions he filed in the state court were unsuccessful, petitioner does not identify any facts to excuse him from first exhausting his state court remedies before proceeding on a federal habeas petition in this court. A federal habeas petitioner may be excused from exhausting a given claim where (1) "there is an absence of available State corrective process," or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)—(ii). Neither of these exceptions are applicable here. The Supreme Court interprets "circumstances that render such process ineffective to protect the rights of the applicant" when "the [state] corrective process is so clearly deficient as to *render futile* any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (emphasis added). *See also Alfaro v. Johnson*, 862 F.3d 1176, 1180 (9th Cir. 2017). The facts that the state court have consistently refused petitioner relief, does not equate to the type of deficiency in a state corrective process to satisfy the futility doctrine. Accordingly, because petitioner has failed to make the required showing to compel this court to reconsider its findings and recommendations that petitioner has not exhausted his claims necessitating a dismissal without prejudice of his petition, the court denies petitioner's motion to reconsider its Findings and Recommendations.

II.     Evidentiary Hearing

An evidentiary hearing in a habeas proceeding is granted only under limited circumstances. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). The undersigned has issued findings and recommendations to dismiss the case for petitioner's failure to exhaust. (Doc. No. 17). These

findings and recommendations are now before the district court for review.  Accordingly, respondents have not been ordered to respond to the petition and no response to the petition has yet been filed.  Therefore, it is premature to hold an evidentiary hearing.  *See* Rules Governing Section 2254 Cases, R. 8(a).  In the event respondents are ordered to respond to the petition, petitioner may renew his motion once the matter is fully briefed.  Petitioner's motion for an evidentiary hearing (Doc. No. 18) is denied without prejudice as premature.

III.     Motion to Compel

Petitioner seeks a court order compelling respondent to respond to the petition. (Doc. No. 18 at 8).  As stated *supra*, findings and recommendations to dismiss the petition for petitioner's failure to exhaust are currently pending before the district court.  (Doc. No. 17).  The court has not yet ordered respondents to respond to the petition and will do so in due course if appropriate.  In the event respondents are ordered to respond to the petition, petitioner may renew his motion once the matter is fully briefed.  Accordingly, petitioner's motion to compel (Doc. No. 18) is denied without prejudice as premature.

Accordingly, it is ORDERED:

1. Petitioner's motion for reconsideration (Doc. No. 18) is DENIED.

2. Petitioner's motion for emergency evidentiary hearing (Doc. No. 18) is DENIED without prejudice.

3. Petitioner's motion to compel (Doc. No. 18) is DENIED without prejudice.

4. Petitioner's motion for an extension of time (Doc. No. 18) is moot considering the court's previous 45-day extension of time to file objections.

IT IS SO ORDERED.

Dated:     April 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE