UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, LAURA ELDRIDGE, AND ATTORNEY GENERAL,<br><br>Respondents. | Case No. 1:21-cv-00187-NONE-HBK<br><br>ORDER VACATING APRIL 12, 2021 FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 17)<br><br>ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF PETITON<br><br>(Doc. No. 1) |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). On April 12, 2021, this court issued findings and recommendations recommending that the petition be dismissed for petitioner's failure to exhaust his claims. (Doc. No. 17). The court found that because petitioner was currently seeking habeas relief before the California Supreme Court at the time of filing his federal habeas petition, the federal petition was unexhausted and premature and should be dismissed. (*See generally id.*). However, the court takes notice that petitioner's habeas petition before the California Supreme Court was denied review on April 28, 2021. *See Yocom (Michael Allen) on H.C.*, No. S266454 (Cal. Apr. 28, 2021). Because petitioner no longer has a case

pending in the state courts, the court will vacate the April 12, 2021 findings and recommendations. (Doc. No. 17).

Accordingly, the court now reviews the petition under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). It does not plainly appear that petitioner is not entitled to relief. Therefore, the court will order the respondent to respond to the petition, set a briefing schedule, and direct service.

Accordingly, it is hereby **ORDERED:**

1. The court's April 12, 2021 findings and recommendations (Doc. No. 17) are **VACATED**.
2. Within sixty days of the date of service of this order, respondent must file a response to the petition.
3. A response may be one of the following:
    A. An answer addressing the merits of the petition. Any argument by respondent that petitioner has procedurally defaulted a claim must be raised in the answer, which must also address the merits of petitioner's claims.
    B. A motion to dismiss the petition.
4. Within sixty days of the date of service of this order, respondent must file all transcripts and other documents necessary for resolving the issues presented in the petition. *See* R. Governing Section 2254 Cases 5(c).
5. If respondent files an answer to the petition, petitioner may file a reply within thirty days of the date of service of respondent's answer. If no reply is filed within thirty days, the petition and answer are deemed submitted.
6. If respondent moves to dismiss, petitioner must file an opposition or statement of non-opposition within twenty-one days of the date of service of respondent's motion. Any reply to an opposition to the motion to dismiss must be filed within

seven days after the opposition is served. The motion to dismiss will be considered submitted twenty-eight days after the service of the motion or when the reply is filed, whichever comes first. *See* Local Rule 230(l).

7. Respondent must complete and return to the court within thirty days a form stating whether respondent consents or declines to consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1).

8. The clerk of the court is directed to serve a copy of this order on the state's attorney general or the state's attorney general's representative.

IT IS SO ORDERED.

Dated: May 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE