UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>    Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, LAURA ELDRIDGE, AND ATTORNEY GENERAL,<br><br>    Respondent. | Case No. 1:21-cv-00187-NONE-HBK<br><br>ORDER DENYING IN PETITIONER'S MOTION TO SUBSTITUTE RESPONDENTS<br><br>(Doc. No. 26)<br><br>ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY EVIDENTIARY HEARING<br><br>(Doc. No. 26)<br><br>ORDER DIRECTING CLERK OR COURT TO PROVIDE PETITIONER WITH § 1983 CIVIL RIGHTS COMPLAINT FORM |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Before the court are petitioner's motion, labeled an "emergency," to substitute respondents and for evidentiary hearing. (Doc. No. 26). The court does not find the motion warrants "emergency" handling.

**1. Motion to Substitute Respondents**

Respondent requests that the court "rename respondents to be lead respondent Tulare County Sheriff Mike Boudreaux . . . and/or Tulare County Superior Court Judge Michael B. Sheltzer," which the court construes as a motion to substitute respondents. (*Id*. at 1).

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). Here, petitioner challenges his 2018 conviction for, *inter alia*, attempted murder and assault. (Doc. No. 1 at 1-2). Although petitioner is currently being detained at Tulare County Jail, petitioner is serving a 40-year to life sentence under the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Salinas Valley State Prison. (Doc. No. 9). Accordingly, the secretary of the CDCR, Kathleen Allison, is the correct respondent in this case.

Petitioner also named Laura Eldridge, warden of the California Health Care Facility and the attorney general. Neither of these individuals have custody over petitioner, and therefore should be removed as respondents. As to petitioner's request to substitute the Tulare County sheriff and a Tulare County judge, his request is denied. Neither of these individuals have custody over petitioner. Accordingly, the clerk of court is directed to remove Laura Eldridge and the attorney general as respondents in this case.

**2. Motion for Emergency Evidentiary Hearing**

Petitioner also seeks an emergency evidentiary hearing. (Doc. No. 26 at 1). As noted above, the court finds no basis to deem either aspect of petitioner's motion as warranting "emergency" status. With regards to petitioner's request for an evidentiary hearing, such a hearing in a habeas proceeding is granted only under limited circumstances. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Because no response to the petition has yet been filed, it is premature to hold an evidentiary hearing. *See* Rules Governing Section 2254 Cases, R. 8(a). Accordingly, petitioner's motion for an evidentiary hearing (Doc. No. 26) is denied.

Further, in passing, petitioner states he is "dying being denied emergency care as a hostage of the County of Tulare and the State of California." (*Id*. at 5). To the extent that petitioner believes he is being denied medical care, such claims are inappropriate on habeas review. *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (noting purpose of habeas is to challenge "legality or duration" of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)). Instead,

"a [42 U.S.C.] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life." *Preiser*, 411 U.S. at 499. Therefore, to the extent petitioner wishes to challenge his conditions of confinement, he should do so in a § 1983 civil rights action. The court will direct the clerk of court to provide petitioner with a § 1983 civil rights complaint form.

Accordingly, it is **ORDERED**:

1. Petitioner's motion to substitute respondent is **DENIED**. (Doc. No. 26).
2. The clerk of court is directed to remove Laura Eldridge and the attorney general as respondents in this case.
3. Petitioner's motion for emergency evidentiary hearing is **DENIED**. (Doc. No. 26).
4. The clerk of court is directed to provide petitioner with a blank § 1983 civil rights complaint form.

IT IS SO ORDERED.

Dated: \_\_\_May 21, 2021\_\_\_

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE