UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>    Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON,<br><br>    Respondent. | Case No. 1:21-cv-00187-NONE-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 29) |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Before the court is Petitioner's motion to appoint counsel. (Doc. No. 29). On May 10, 2021, the court directed Respondent to file a response to the petition. (Doc. No. 23). Respondent's response is not yet due. (*See* Doc. No. 23 at 2, directing response within sixty days). In his motion, Petitioner requests the court to appoint counsel to represent him because he is mentally impaired, lacks access to legal research materials, lacks funds for copying documents and postage, and he submits the issues in his case are complex. (*See generally* Doc. No. 29).

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines

1

that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the Rules Governing Section 2254 Cases in the United States District Courts require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Petitioner does not indicate the nature of his alleged "mental illness" or how it affects his ability to prosecute this action. Indeed, a review of the pleadings filed by petitioner to date show he was able to file his habeas petition without the aid of counsel and articulate his claims. *See Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the litigant's filing demonstrate ability to properly litigate case despite mental illness). And, contrary to petitioner's assertion, the court does not find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). Based upon the record, the court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings. As noted, Respondent's response is not yet due. Provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the court will consider appointing counsel to represent Petitioner if the court later finds good cause to permit discovery or if the court decides that an evidentiary hearing is warranted in this matter.

Accordingly, it is **ORDERED**:

Petitioner's motion for appointment of counsel (Doc. No. 29) is **DENIED without prejudice**.

IT IS SO ORDERED.

Dated: May 24, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE