UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　Respondent. | Case No. 1:21-cv-00187-NONE-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR RELIEF BASED ON HIS CONDITIONS OF CONFINEMENT<br><br>(Doc. No. 31)<br><br>ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY EVIDENTIARY HEARING<br><br>(Doc. No. 31)<br><br>ORDER DIRECTING CLERK TO SEND PLEADINGS TO APPROPRIATE INSTITUTIONAL OFFICIAL<br><br>(Doc. No. 31) |

Petitioner Michael Allen Yocom, a state prisoner has pending a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2018 underlying state court conviction. (Doc. No. 1). Before the court is Petitioner's pleading titled "emergency motions for teleconference hearing," "emergency" motion "to reconsider the show cause order of response on respondents," and motion for "emergency evidentiary hearing" filed May 21, 2021. (Doc. No. 31). Due to the titling of the pleading as an "emergency" and petitioner's claim that he is being denied "lifesaving care," the court immediately undertook a review of the pleading.

Petitioner, in his one-page motion, states that he is in critical condition and may die before the petition is fully briefed under this court's briefing schedule at Doc. No. 23. (Doc. No. 31). Petitioner states that he is "being denied health care for life threatening conditions" at the Tulare County jail. (*Id.*). The court regularly receives *pro se* notices from confined persons alleging suicide, danger of death, or imminent serious physical harm to themselves or to others. ***In an abundance of caution, the court provides notice of such allegations to the appropriate state or federal officials for whatever action those officials deem appropriate. The notice provided to officials should not be construed as a ruling on the merits of the allegations or relief requested in the pleading.***

With regards to Petitioner's requests for relief based on the conditions of his confinement, this court has previously advised him that these allegations are not proper in his pending habeas action and should be raised in a 42 U.S.C. § 1983 prisoner civil rights complaint. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); (Doc. Nos. 8, 12, 33). The court has thrice provided Petitioner with a § 1983 complaint form for this purpose. To the extent Petitioner wishes to seek relief from the conditions of confinement or the alleged failure to provide him with medical care, he should do so through a properly filed § 1983 complaint.

To the extent Petitioner seeks a teleconference and an emergency evidentiary hearing, his motions are denied for the reasons stated in the court's previous orders denying Petitioner's motions for evidentiary hearings. (Doc. Nos. 8, 20, 33). Evidentiary hearings are granted only under limited circumstances in habeas proceedings. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Because no response to the petition has yet been filed, it is premature to hold a teleconference or an evidentiary hearing. *See* Rules Governing Section 2254 Cases, R. 8(a).

Accordingly, it is hereby ORDERED:

1. The clerk shall forward a copy of Petitioner's motion (Doc. No. 31) which contains allegations of danger of death or imminent physical harm by a confined person to the appropriate officials at the Tulare County jail for handling as officials deem appropriate.

2. The clerk shall indicate on the docket the name of the official(s) to whom notice was

provided and upon receipt the official shall confirm receipt thereof.

3. Neither this order nor notice provided to officials should not be construed as a ruling on the merits of the allegations or relief requested in the pleading but is provided for informational purposes and handling as they deem appropriate.

4. Petitioner's motions for a teleconference and an evidentiary hearing (Doc. No. 31) are denied. Petitioner is advised to refrain from seeking a hearing until such a time as this matter is fully briefed.

IT IS SO ORDERED.

Dated: May 25, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE