UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>        Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON,<br><br>        Respondent. | Case No. 1:21-cv-00187-NONE-HBK<br><br><u>ORDER DENYING PETITIONER'S CONSTRUED UNAUTHORIZED PLEADING</u><br><br>(Doc. No. 34)<br><br><u>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING</u><br><br>(Doc. No. 34)<br><br><u>ORDER DENYING AS MOOT PETITIONER'S MOTION TO SERVE RESPONDENT</u><br><br>(Doc. No. 34) |

      Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Before the court is Petitioner's motion "to clarify language of the petition and mistakes," motion to "have respondent served" and motion for "immediate emergency evidentiary hearing." (Doc. No. 34). On May 10, 2021, the court directed Respondent to file a response to the petition. (Doc. No. 23). Respondent's response is not yet due. (*See* Doc. No. 23 at 2, directing response within sixty days). As explained below, the court denies petitioner any relief requested in his motion and warns him that future duplicative motions may subject him to sanctions.

### 1. Unauthorized Pleading

Although framed as a motion to "clarify" the petition to correct "mistakes," Petitioner simply rehashes the reasons why he believes his underlying conviction is illegal. (*See generally* Doc. No. 34). The Rules Governing Section 2254 Cases in the United States District Courts provide for the filing of a habeas petition (Rule 2), an answer, and a reply (Rule 5). Additional briefing may be permitted upon a court order to expand the record (Rule 7). Here, Petitioner submits a pleading which repeats many of the arguments he has made in his petition. (*Compare* Doc. No. 1 *with* Doc. No. 34). The court has not ordered Petitioner to submit any additional briefing. To the extent Petitioner wishes to re-raise any arguments in support of his petition, he may do so in his reply to respondent's response. Therefore, the court denies the motion as an unauthorized pleading.

### 2. Motion to Serve Respondent

Petitioner in the title only of his motion requests the court to serve respondent. (Doc. No. 34 at 1). As noted above, the court has already directed the Respondent to respond to the petition. (Doc. No. 23). And, Respondent's response to the petition is not yet due. (*Id*.). Accordingly, this aspect of Petitioner's request is denied as moot.

### 3. Motion for Evidentiary Hearing

Again, in the title Petitioner indicates he is seeking an emergency evidentiary hearing. This aspect of his motion is denied for the reasons stated in the court's previous orders denying Petitioner's motions for evidentiary hearings. (Doc. Nos. 8, 20, 33). Evidentiary hearings are granted only under limited circumstances in habeas proceedings. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Because no response to the petition has yet been filed, it is premature to hold an evidentiary hearing. *See* Rules Governing Section 2254 Cases, R. 8(a).

### 4. Warning to Petitioner

The court notes that Petitioner has filed numerous requests to this court, including five motions for evidentiary hearings (Doc. Nos. 6, 14, 18, 31, 34) and three unauthorized pleadings. (Doc. Nos. 27, 32, 34). Most of Petitioner's filings are styled as "emergency" motions; however, the court has found that the content of the filings do not constitute emergencies. (Doc.

No. 33). In each of its orders either denying Petitioner relief or striking unauthorized pleadings from the record, the court has provided Petitioner with the pertinent procedural information related to his filings. (*See, e.g.*, Doc. Nos. 8, 20, 28, 33). Yet, Petitioner has persisted in filing repetitive motions and pleadings. The court immediately undertakes a review of a pleading labeled an "emergency," which wastes valuable and limited judicial resources.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). And this court has "long labored under one of the heaviest caseloads in the nation." *See* Standing Order in Light of Ongoing Judicial Emergency in Eastern District of California.[1] Courts have the discretion to manage its own docket. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (Ninth Circuit noting that "[i]t is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants."). Moreover, as previously noted, the rules governing habeas petitions direct that habeas pleadings include a petition, answer, and reply only. *See* R. Governing Section 2254 Cases 2, 5.

The court finds that Petitioner's repetitive filings seeking the same forms of relief, which have already been denied by the court, to constitute an abuse of judicial process. Such continued filings may prompt the court to sanction petitioner. Such sanctions may include ordering the clerk's office to refrain from docketing any further filings until the court has reviewed them and/or ordering the Petitioner so show cause why the petition should not be dismissed for abuse of judicial process.

Many of Petitioner's unauthorized pleadings either repeat or expand upon arguments raised in his original petition. Arguments based on Petitioner's original claims may be addressed in Petitioner's reply to Respondent's response to his petition. To the extent Petitioner wishes to raise new claims from those raised in his original petition, he should move to file an amended

---

[1] Available at: http://www.caed.uscourts.gov/caednew/assets/File/Standing%20Order%20CV.pdf; last accessed May 25, 2021.

petition under Federal Rule of Civil Procedure 15(a)(2).  Any new claims raised in an amended petition must have been exhausted in the state courts and be timely, meaning that the claims are either filed within AEDPA's statute of limitations or that they relate back to the claims raised in the original petition.  *See* 28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 15(c).

Accordingly, it is ORDERED:

1. Petitioner's motion (Doc. No. 34) is **DENIED in its entirety**.  His motion to clarify, which merely rehashes arguments raised in his petition, is **DENIED** as an unauthorized pleading (Doc. No. 34).
2. Petitioner's motion for evidentiary hearing (Doc. No. 34) is **DENIED**.
3. Petitioner's motion to serve respondent (Doc. No. 34) is **DENIED as moot**.

IT IS SO ORDERED.

Dated:   May 25, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE