UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　Respondent. | Case No. 1:21-cv-00187-NONE-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR RELEASE<br><br>(Doc. No. 42)<br><br>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING<br><br>(Doc. No. 42) |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Before the Court is Petitioner's motion for release on his own recognizance pending ruling on his petition and motion for an emergency hearing.[1] (Doc. No. 42). On May 10, 2021, the court directed Respondent to file a response to the petition. (Doc. No. 23). Respondent's response is not yet due. (*See* Doc. No. 23 at 2, directing response within sixty days). As explained below, the court denies

---

[1] Petitioner also submits a letter directed to the California Supreme Court, ostensibly as an exhibit to his motion. (Doc. No. 42 at 3-6). To the extent Petitioner seeks the Court to consider the contents of this letter, his request is denied. Under Federal Rule of Civil Procedure 7(b)(1), Petitioner must style all requests as motions addressed to the court.

Petitioner any relief requested in his motion and warns him that future duplicative motions may subject him to sanctions.

### 1. Motion for Release Pending Ruling on Petition

Petitioner seeks a Court order directing his release from state prison pending resolution of his habeas petition. (Doc. No. 42 at 1). In support of his request, Petitioner states that he has serious medical conditions which require out-of-custody treatment. (*Id.*). "Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989). The Court finds that Petitioner has not demonstrated special circumstances warranting his release or a high probability of success on the merits of his petition. Accordingly, his request is denied. The Court further notes that it alerted Petitioner's places of incarceration of his medical complaints (Doc. Nos. 7, 13, 39). Moreover, the Court has provided Petitioner with § 1983 prisoner civil rights complaint forms so that he may seek relief from the conditions of his confinement. (Doc. Nos. 8, 33). Petitioner is currently seeking relief through multiple § 1983 complaints. *See Yocom v. County of Tulare*, No. 1:21-cv-00849-HBK (May 26, 2021); *Yocom v. Allison*, No. 2:21-cv-00311-DB (Feb. 18, 2021); *Yocom v. Allison*, No. 2:20-cv-02467-KJM-AC (Dec. 14, 2020).

### 2. Motion for Evidentiary Hearing

In the title of his motion, Petitioner seeks an emergency evidentiary hearing. This aspect of his motion is denied for the reasons stated in the court's previous orders denying Petitioner's motions for evidentiary hearings. (Doc. Nos. 8, 20, 33, 40). Evidentiary hearings are granted only under limited circumstances in habeas proceedings. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Because no response to the petition has yet been filed, it is premature to hold an evidentiary hearing. *See* Rules Governing Section 2254 Cases, R. 8(a).

### 3. Warning to Petitioner

Petitioner has filed multiple motions seeking the same forms of relief. (*See e.g.* Doc. Nos. 6, 14, 18, 27, 31, 32, 34). On May 26, 2021, the Court warned the Petitioner that if he persists in filing further repetitive motions, he may be subject to sanctions. (Doc. No. 40). The Court notes that Petitioner may not have received this warning at the time of filing the instant motion. Taking

this into account, the Court declines to sanction Petitioner at this time.  However, Petitioner is again warned a second time to refrain from filing repetitive motions.  Further filing of such motions will subject Petitioner to sanctions.

Accordingly, it is ORDERED:

1. Petitioner's motion for early release (Doc. No. 42) is DENIED.
2. Petitioner's motion for emergency evidentiary hearing (Doc. No. 42) is DENIED.

IT IS SO ORDERED.

Dated:   June 7, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE