UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>Respondent. | Case No. 1:21-cv-00187-NONE-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING<br><br>(Doc. No. 46)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RELEASE FROM CUSTODY<br><br>(Doc. No. 46)<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED ON PETITIONER<br><br>ORDER TO FILE REPLY OR STAND ON INCORPORATED REPLY IN MOTION |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Before the Court is Petitioner's "emergency motion for teleconference or actual court hearing" and "demand for immediate release," which the Court construes as a motion for an evidentiary hearing and release from custody. (Doc. No. 46). As explained below, the Court denies Petitioner the relief requested in his motion and orders him to show cause why sanctions should not be imposed for his continued filing of duplicitous motions.

**1. Court Construes Motion to Incorporate Petitioner's Reply**

At the outset, the Court notes the pleading is titled "Emergency Motions" and "Initial Reply to Respondent's Answer." (Doc. No. 46 at 1). In his pleading, Petitioner addresses Respondent's Answer to the Petition and advances arguments in rebuttal to the Answer. (*See generally* Doc. No. 46). Thus, the Court construes this filing as incorporating Petitioner's reply or traverse to Respondent's Answer. Nonetheless, Petitioner fashions the pleading as his "Initial Reply to Respondent's Answer." (*Id*. at 1). The Rules Governing Section 2254 Cases do not provide petitioners with multiple opportunities to reply to an answer. *See* R. Governing Section 2254 Cases Rule 5(e). In an abundance of caution, the Court will permit Petitioner the opportunity to file a free-standing reply titled "Reply to Respondents' Answer" within 21 days from receipt of this Order, to the extent Petitioner does not intend the pleading to incorporate his reply.

**2. Motion for Evidentiary Hearing**

Petitioner seeks an emergency evidentiary hearing. (Doc. No. 42). Petitioner has previously moved for an evidentiary hearing five times, all of which have been denied. (Doc. Nos. 8, 20, 33, 40, 42). Evidentiary hearings are granted only under limited circumstances in habeas proceedings. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Although Respondent has now filed an answer to the petition, the Court has not yet reviewed the briefing. The Court will review the briefing and make findings and recommendations in due course. If the Court determines that an evidentiary hearing is warranted, it will schedule one at that time. *See* Rules Governing Section 2254 Cases, R. 8(a).

**3. Motion for Release from Custody**

Incorporated within Petitioner's motion is a second request for release from custody. (Doc. Nos. 42 at 1, 46 at 1). As stated in this Court's June 8, 2021 order, "[b]ail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989); (Doc. No. 44 at 2). The Court finds Petitioner has not demonstrated special circumstances warranting his release or a high probability of success on the merits of his petition. Accordingly, his request is denied.

**4. Order to Show Cause**

Petitioner has filed multiple motions seeking the same forms of relief. (*See e.g.* Doc. Nos. 6, 14, 18, 27, 31, 32, 34, 42). On May 26, 2021 and June 8, 2021, the Court warned the Petitioner if he persists in filing further repetitive motions, he may be subject to sanctions. (Doc. No. 40, 44). Petitioner has again filed another duplicitous motion. Accordingly, the Court will order Petitioner to show cause why he should not be subject to sanctions.

Accordingly, it is **ORDERED**:

1. Petitioner's motion for evidentiary hearing (Doc. No. 46) is DENIED.

2. Petitioner's motion for release from custody (Doc. No. 46) is DENIED.

3. Within fourteen (14) days of the date of receipt of this order, Petitioner is ordered to show cause why he should not be subject to sanctions.

4. Within twenty-one (21) days of receipt of this Order, Petitioner shall file a Reply to Respondent's Answer. If Petitioner does not file a separate free-standing Reply, the Court will construe the reply incorporated in Petitioner's Motion (Doc. No. 46) as his Reply to Respondent's Answer to Petition.

Dated:   July 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE