UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　Respondent. | Case No.  1:21-cv-00187-NONE-HBK<br><br>ORDER SANCTIONING PETITIONER<br><br>ORDER DENYING PETITIONER'S MOTION FOR RULING<br><br>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECUSAL<br><br>(Doc. No.  52) |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  Before the Court is Petitioner's "motion to screen the petition," which the Court construes as a motion for ruling on his petition.  (Doc. No. 52).  Incorporated in this motion is Petitioner's request for an evidentiary hearing and request that the undersigned recuse herself from this case.  (*See generally id*.).  The Court will deny Petitioner's motions.  Further, the Court will sanction Petitioner.

On July 12, 2021, in light of Petitioner's repeated duplicative and frivolous filings (*see* (*e.g.* Doc. Nos. 6, 8, 14, 18, 20, 27, 31, 32, 33, 34, 40, 42, 48, 50), the Court ordered Petitioner to show cause why he should not be subject to sanctions.  (Doc. No. 47).  The Court ordered Petitioner to respond to this show cause order within 14 days.  (*Id*. at 3).  Petitioner has not

responded to the order to show cause and the time for doing so has passed. Instead of responding to the order to show cause, Petitioner filed two frivolous and repetitive filings, both of which were stricken from the docket. (Doc. Nos. 48, 49, 50, 51). Petitioner now moves the Court to rule on his petition, grant an evidentiary hearing, and for the undersigned to recuse herself from the case. (Doc. No. 52).

### A. Motion for Ruling on Petition

Petitioner moves the Court to rule on his petition expeditiously. (Doc. No. 52). The Court has the discretion to manage its own docket. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). And this Court has "long labored under one of the heaviest caseloads in the nation." *See* Standing Order in Light of Ongoing Judicial Emergency in Eastern District of California.[1] Accordingly, the Petitioner is advised that the Court will issue findings and recommendations regarding his petition in due course. Therefore, Petitioner's motion for ruling on the petition is denied.

### B. Motion for Evidentiary Hearing

Petitioner seeks an evidentiary hearing. (Doc. No. 52). Petitioner has previously moved for an evidentiary hearing six times, all of which have been denied. (Doc. Nos. 8, 20, 33, 40, 42, 46). Evidentiary hearings are granted only under limited circumstances in habeas proceedings. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Although Respondent has now filed an answer to the petition, the Court has not yet reviewed the briefing. The Court will review the briefing and make findings and recommendations in due course. If the Court determines that an evidentiary hearing is warranted, it will schedule one at that time. *See* Rules Governing Section 2254 Cases, R. 8(a).

### C. Motion for Recusal

Petitioner seeks the undersigned to recuse herself from this case. (Doc. No. 52). The standard for judicial recusal is as follows: "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam) (brackets and internal

---

[1] Available at: http://www.caed.uscourts.gov/caednew/assets/File/Standing%20Order%20CV.pdf; last accessed September 14, 2021.

1  quotation marks omitted).  Importantly, "[p]arties cannot attack a judge's impartiality on the basis

2  of information and beliefs acquired while acting in his or her judicial capacity."  *United States v.*

3  *Frias-Ramirez*, 670 F.2d 849, 853 n.6 (9th Cir. 1982).  "As the Supreme Court has explained,

4  'opinions formed by the judge on the basis of facts introduced or events occurring in the course of

5  the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality

6  motion unless they display a deep-seated favoritism or antagonism that would make fair judgment

7  impossible."  *United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012) (citing *Liteky v.*

8  *United States*, 510 U.S. 540, 555 (1994)).

9       Here, Petitioner has presented no basis for the recusal of the undersigned.  Petitioner has

10  not stated, much less provided evidence, that the undersigned is biased against him.  Rather,

11  Petitioner seemingly seeks recusal because he disagrees with the pace of the litigation of this

12  case.  Accordingly, Petitioner's motion for recusal is denied.

13       **D.  Order Sanctioning Petitioner**

14       "Flagrant abuse of the judicial process cannot be tolerated because it enables one person

15  to preempt the use of judicial time that properly could be used to consider the meritorious claims

16  of other litigants."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

17  Here, Petitioner has been warned many times that his repeated frivolous and duplicative filings

18  will subject him to sanctions.  (Doc. Nos. 40, 44, 47, 51).  Because Petitioner has continued to

19  make such filings, the Court will subject him to sanctions.  The Court orders that all future filings

20  shall be screened by the Court prior to entry on the docket.  If the Court deems any future filings

21  to be frivolous and/or duplicative, the Court will direct the Clerk of Court to return the filing to

22  the Petitioner.

23       Accordingly, it is **ORDERED**:

24       1.  Petitioner's motion for ruling on the petition (Doc. No. 52) is DENIED;

25       2.  Petitioner's motion for an evidentiary hearing (Doc. No. 52) is DENIED;

26       3.  Petitioner's motion for recusal (Doc. No. 52) is DENIED; and

27       4.  Petitioner is subject to sanctions in accordance with the above.  The Clerk of Court

28       shall notify the Court prior to the docketing of any future filings by Petitioner, providing

an opportunity to the Court to screen such filings and direct the Clerk of Court to return them to Petitioner if appropriate.

Dated:   September 15, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4