UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>   Petitioner,<br><br>   v.<br><br>KATHLEEN ALLISON,<br><br>   Respondent. | Case No.   1:21-cv-00187-JLT-HBK (HC)<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). In response, Respondent filed an answer. (Doc. No. 45).

Petitioner challenges his 2018 conviction and 40-years to life sentence for, *inter alia*, attempted murder, entered by the Tulare Superior Court. (Doc. No. 1). The Petition raises two grounds for relief: (1) the conviction "lacks foundation" because the "Tulare County District Attorney failed to present the Police to testify to the investigation of the case itself, interviewing of witnesses, evidence gathering and handling, and probable cause to seize Petitioner for any crime"; and (2) ineffective assistance of counsel for similarly failing to "compel the police to

testify to the investigation of the case itself, interviewing of witnesses, evidence gathering and handling, and probable cause to seize Petitioner for any crime." (Doc. No. 1 at 5). Respondent's answer summarily indicates that "the California Supreme Court rejected Petitioner's habeas claims (1) demanding trial proof (a) that his arrest was proper under state law and (b) of all charges-related information that was, or could have been, obtained by law enforcement, and (2) claiming counsel wrongly did not enforce such proof." (Doc. No. 45 at 1). However, upon review of Respondent's answer, the Court is unable to discern any specific reference to a state court decision that addresses the precise grounds raised in the Petition currently pending before this Court; rather, Respondent's answer generally references two separate state habeas petitions filed by Petitioner in the California Supreme Court with no reference to exhaustion or the last reasoned court decision. (Doc. No. 45 at 10 (citing Doc. No. 41-19 (Case No. S254307, habeas petition filed in February 2019); Doc. No. 41-24 (Case No. S266454, habeas petition filed in January 2021)).

      A federal court's statutory authority to issue habeas corpus relief for persons in state custody is set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA requires a state prisoner seeking federal habeas relief to first "exhaus[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). If the state courts do not adjudicate the prisoner's federal claim "on the merits," a *de novo* standard of review applies in the federal habeas proceeding; if the state courts do adjudicate the claim on the merits, then the AEDPA mandates a deferential, rather than *de novo*, review. *Kernan v. Hinojosa*, 136 S. Ct. 1603, 1604 (2016). Here, Respondent's briefing does not accurately point the Court to where Petitioner raised the instant grounds for relief in the state court record, where those claims were properly exhausted, and the last reasoned decision by the state court as to those specific claims.

      Accordingly, it is ORDERED:

1. Within **thirty (30) days** from the date of this Order, Respondent shall submit a supplemental brief that directs the Court to (1) where in the state court record Petitioner raised the specific grounds for relief identified in his federal Petition; (2)

where in the state court record those claims were properly exhausted; and (3) the last reasoned opinion in the state court record. Respondent is also directed to specifically address the merits of each ground, allegation, and argument raised in the Petition. **Respondent is reminded that conclusory statements and summary arguments that Petitioner is not entitled to relief under § 2254 are not acceptable responses.**

2. Petitioner may, but is not required to, file a response to Respondent's supplemental brief within ten (10) days after receipt of Respondent's supplemental brief.

Dated:     May 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE