UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　Respondent. | Case No.　1:21-cv-00187-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO CLARIFY<br><br>(Doc. No. 62)<br><br>ORDER DENYING PETITIONER'S MOTION TO EXONERATE<br><br>(Doc. No. 65) |

　　　　Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  Before the Court are Petitioner's Motion to Clarify and Motion to Exonerate.  (Doc. Nos. 62, 65).

　　　　Petitioner's "motion to clarify" attaches "information . . . to exhibit the further violations of [his] civil rights," and contends that "the need for an evidentiary hearing is mandatory."  (Doc. No. 62).  As an initial matter, evidentiary hearings are granted only under limited circumstances in habeas proceedings.  *See* 28 U.S.C. § 2254(e)(2)(A)(ii).  Although Respondent has filed an answer to the petition, the Court has not yet reviewed the briefing.  The Court will review the briefing and make findings and recommendations in due course.  If the Court determines that an

1 evidentiary hearing is warranted, it will schedule one at that time. *See* Rules Governing Section
2 2254 Cases, R. 8(a).

3     Liberally construed, in both the Motion to Clarify and the Motion to Exonerate Petitioner
4 appears to be attempting to expand on arguments in his petition. Neither the Federal Rules of
5 Civil Procedure nor the Local Rules provide for the right to file additional pleadings outside those
6 described in Fed. R. Civ. P. 7(a).

7     Accordingly, it is **ORDERED**:

8     1. Petitioner's motion to clarify (Doc. No. 62) is **DENIED**.

9     2. Petitioner's motion to exonerate (Doc. No. 65) is **DENIED**.

Dated:   May 23, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2