# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　Respondent. | No. 1:21-cv-00187-JLT-HBK (HC)<br><br>ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION<br><br>(Doc. 64) |

Michael Alan Yocom is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an answer to the Petition. (Doc. 45.) The assigned magistrate judge then ordered Respondent to submit supplemental briefing. (Doc. 63.) Instead, Respondent filed a motion for reconsideration by the district court of the magistrate judge's order for supplemental briefing. (Doc. 64.) For the reasons set forth below, Respondent's motion is **DENIED**.

**I.　　Background**

The magistrate judge ordered Respondent to submit a supplemental brief, within 30 days, that directs the Court to "(1) where in the state record Petitioner raised the specific grounds for relief identified in his federal Petition; (2) where in the state court record those claims were properly exhausted; and (3) the last reasoned opinion in the state court record." (Doc. 63 at 2-3.) The magistrate judge also directed Respondent to "specifically address the merits of each ground,

1

allegation, and argument raised in the Petition. Respondent is reminded that conclusory statements and summary arguments that Petitioner is not entitled to relief under § 2254 are not acceptable responses." (*Id*. at 3 (emphasis omitted).)

In its motion for reconsideration, Respondent argues that "the Magistrate Judge ordered Respondent to meet an exhaustion-proof burden that rests on Petitioner, which was clearly erroneous, and the Magistrate Judge ordered Respondent to brief matters that do not exist. The order thus clearly errs." (Doc. 64 at 3.) In particular, Respondent contends the magistrate judge's order should be vacated for the following reasons: (1) the magistrate judge "clearly erred by placing the burden on Respondent to seek out unexhausted claims, or to show exhaustion or non-exhaustion of the claims that Respondent did discern"; (2) ordering that Respondent direct the Court to the "last reasoned opinion in the state court record," improperly "directs Respondent to do what is part of Petitioner's duty. . . But it is no duty of counsel for an opposing party to fill in the gap by doing tasks that would have been part of professional advocacy for the petitioner"; (3) directing Respondent to specifically address the grounds raised in the petition is an abuse of discretion because it deprives Respondent of "tactical judgment to elect which bases to defend on any given claim"; and (4) "reminding" Respondent that "conclusory statements and summary arguments that Petitioner is not entitled to relief under § 2254 are not acceptable responses," is clear error because the Magistrate Judge seeks to "deny a party – indeed a sovereign – its right to full enjoyment of the law's allocation of the burden of proof to the opposing party." (Doc. 64.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 72(a) allows parties to file objections to nondispositive orders decided by a magistrate judge. "The district judge in the case must consider timely objections and modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Correspondingly, Local Rule 303(c) allows parties to seek reconsideration of a magistrate judge's ruling, and directs the district judge to review all such requests under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). Local Rule 303(f) (citing Fed. R. Civ. P. 72(a)). Under this standard, the court must accept the magistrate judge's decision unless it has a "definite and firm conviction that

a mistake has been committed." *Concrete Pipe & Prods. Of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal.*, 508 U.S. 602, 622 (1993). "[R]eview under the 'clearly erroneous' standard is significantly deferential. . ." *Id*. at 623.

### III. Analysis

The Court recognizes the burden is on Petitioner to establish that he has exhausted his state remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Torres v. Peery*, 2019 WL 1047888, at *16 (E.D. Cal. Mar. 4, 2019) ("It is established that it is the petitioner's burden to prove that state judicial remedies were properly exhausted.). This burden was not shifted to Respondent in the magistrate judge's order. (Doc. 63.)

In the answer, Respondent observed: "Petitioner must prove his claims were properly exhausted by fair presentation to the California Supreme Court on the same record; all claims may be denied." (Doc. 45 at 2, citing 28 U.S.C. § 2254(b)(1), (2).) In addition, Respondent noted: "Claims are barred if exhausted due to lack of fair presentation in state court." (*Id.*, citing *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).) Despite these recitations of law, Respondent did not clearly address exhaustion in the scant analysis provided in the Answer, leaving the Court to speculate whether Respondent agrees Petitioner exhausted his state remedies. (*See* Doc. 45 at 9-10.) Just as Respondent is not obligated to "fill in gaps" in Petitioner's pleading, the Court is not required to manufacture arguments for Respondent. *See Hernandez v. Dickey*, 2018 WL 5906031, at *1 (C.D. Cal. May 10, 2018) ("The Court's role is not to make or develop [] argument…, and it is inappropriate for Defendants to ask the Court to hunt for support for Defendants' arguments.") (citing *Christian Legal Soc. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010)).

Furthermore, the magistrate judge did not commit a clear error in directing Respondent to specifically address the grounds and allegations in the petition. Rule 5 of the Rules Governing Section 2254 Cases in U.S. District Courts states, in relevant part:

> (a) When Required. The respondent is not required to answer the petition unless a judge so orders.
> (b) Contents: Addressing the Allegations; Stating a Bar. *The answer must address the allegations in the petition.* In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-

3

>retroactivity, or a statute of limitations.
>(c) Contents: Transcripts. The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.
>(d) Contents: Briefs on Appeal and Opinions. The respondent must also file with the answer a copy of:
>>(1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
>>(2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
>>(3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

R. Governing § 2254 Cases 5 (amended December 1, 2019) (emphasis added). The Advisory Committee Note accompanying Rule 5 further clarifies:

>The answer must also state whether the petitioner has exhausted his state remedies. This is a prerequisite to eligibility for the writ under 28 U.S.C. §2254(b) and applies to *every ground* the petitioner raises. Most form petitions now in use contain questions requiring information relevant to whether the petitioner has exhausted his remedies. *However, the exhaustion requirement is often not understood by the unrepresented petitioner. The attorney general has both the legal expertise and access to the record and thus is in a much better position to inform the court on the matter of exhaustion of state remedies.*

*Id*. (emphasis added). Thus, respondents must clearly "address the allegations in the petition," and the Advisory Committee clearly acknowledges that—despite the ultimate burden being on a petitioner—counsel may "inform the court" on the issue of exhaustion.

Given the minimal analysis in the answer, which is unsupported by citations to the provided record, the Court finds Respondent fails to demonstrate the order for supplemental briefing was "clearly erroneous or contrary to law." Similarly, the reminder that conclusory statements will not suffice was not erroneous or contrary to law. *See, e.g., Nguyen v. Uttecht*, 2017 WL 5054574, n.1 (W.D. Wash. July 21, 2017) (noting the court struck the answer and "directed respondent to provide an answer that is less conclusory and supported by adequate citations to the state court record"); *Romero v. Pollard*, 2022 WL 958337, at *2 (E.D. Cal. Mar. 29, 2022) (requiring supplemental briefing where the respondent offered "unsupported,

4

conclusory assertions about what petitioner did and did not do" in response to a petition under Section 2254).

### IV.     Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. Respondent's motion for reconsideration (Doc. 64) is **DENIED**.
2. Within 30 days from the date of this Order, Respondent **SHALL** submit a supplemental brief consistent with the magistrate judge's order (Doc. 63).
3. Petitioner may, but is not required to, file a response to Respondent's supplemental brief within 10 days after receipt of Respondent's supplemental brief.

IT IS SO ORDERED.

Dated:   **May 24, 2022**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE