UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>Respondent. | Case No.  1:21-cv-00187-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR TELECONFERENCE WITH THE DISTRICT JUDGE<br><br>(Doc. 60) |

Petitioner Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1).  Before the Court is Petitioner's motion to "the newly assigned District Judge Jennifer L. Thurston for an immediate teleconference."  (Doc. 60.)  Specifically, Petitioner repeats his arguments that Respondent "failed to file the body camera recordings" and a hearing is necessary for him to "factually dispute Respondent" and "establish the rights of the parties."  (*Id*. at 1-2).

The Court notes Petitioner previously moved eight times for an evidentiary hearing, and all requests were denied.  (Docs. 8, 20, 33, 40, 42, 46, 52, 57.)  Evidentiary hearings are granted only under limited circumstances in habeas proceedings.  *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Although Respondent filed an answer to the petition, the Court directed Respondent to submit supplemental briefing.  (*See* Doc. 67.)  Thus, it would be premature to set an evidentiary hearing at this time.  The Court will review the briefing and make findings and recommendations in due

course. If the Court determines that an evidentiary hearing is warranted, it will schedule one at that time. *See* Rules Governing Section 2254 Cases, R. 8(a). Moreover, it does not appear a teleconference between the Court and the parties is necessary or appropriate at this juncture in the proceedings. Accordingly, the Court **ORDERS**: Petitioner's motion for a teleconference with the assigned District Judge (Doc. 60) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 27, 2022**

_____
UNITED STATES DISTRICT JUDGE