UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>   Petitioner,<br><br>   v.<br><br>KATHLEEN ALLISON,<br><br>   Respondent. | Case No.   1:21-cv-00187-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TELECONFERENCE<br><br>(Doc. No. 68)<br><br>ORDER DENYING PETITIONER'S MOTION TO COMPEL EXPERT TESTIMONY IN AN EVIDENTIARY HEARING<br><br>(Doc. No. 69) |

Pending before the Court are Petitioner's motion for a teleconference and request that he be allowed to compel testimony in an evidentiary hearing. (Doc. Nos. 68, 69). Petitioner, who is pro se, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). On May 31, 2022, Petitioner filed a motion for a teleconference. (Doc. No. 68). On June 9, 2022, Petitioner filed a "stipulation motion" requesting "everyone involved to allow him to present an expert witness for evidentiary testimony." (Doc. No. 69).

Petitioner has previously moved for an evidentiary hearing nine times, and all requests were denied. (Doc. Nos. 8, 20, 33, 40, 42, 52, 46, 57, 71). Evidentiary hearings are granted only

under limited circumstances in habeas proceedings. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Here, Respondent was directed to submit supplemental briefing and Petitioner recently submitted a response, but the Court has not yet reviewed the briefing. The Court will review the briefing and make findings and recommendations in due course. If the Court determines that an evidentiary hearing is warranted, it will schedule one at that time. *See* Rules Governing Section 2254 Cases, R. 8(a).

Accordingly, it is **ORDERED**:

1. Petitioner's motion for a teleconference (Doc. No. 68) is **DENIED**.
2. Petitioner's motion to compel expert testimony in an evidentiary hearing (Doc. No. 69) is **DENIED**.

Dated:  July 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE