UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN YOCOM,<br><br>         Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON,<br><br>         Respondent. | Case No.   1:21-cv-00187 JLT HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR THE DISTRICT JUDGE TO INTERVENE (Doc. 74)<br><br>ORDER DENYING PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION (Doc. 75) |

Michael Allen Yocom, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1.)  Petitioner seeks to have "the District Judge … control of the case, and conduct an immediate teleconference" to establish the rights of the parties. (Doc. 74.)  In addition, Petitioner requests that District Judge "take immediate action" as the matter has been pending 17 months and "order a preliminary injunction."   (Doc. 75.)

As an initial matter, Petitioner is informed that a motion for preliminary injunction is not the proper mechanism for the relief requested.  The purpose of a preliminary injunction is to preserve the status quo of the parties, if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits are ultimately determined. *See University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  Toward that end, the Court declines any injunctive relief that directs the assigned magistrate judge to take immediate action in addressing the pending petition.

The Court notes that Petitioner was previously informed a teleconference and evidentiary hearing with the undersigned is not necessary or appropriate at this juncture. (*See* Doc. 71.) Evidentiary hearings are granted only under limited circumstances in habeas proceedings. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Petitioner again fails to show either a teleconference or evidentiary hearing is necessary. However, if the Court determines that an evidentiary hearing is warranted, it will schedule one at that time. *See* Rules Governing Section 2254 Cases, R. 8(a).

Although Petitioner complains of the 17 months his petition has been pending resolution, this Court is one of the busiest in the entire country. The limited resources of the Court are further stretched when addressing repetitive motions, such as those filed in this action. The Court will review the petition and related briefs—and make findings and recommendations related to the pending Petition—as soon as is practicable given the heavy workloads faced by both the magistrate judges and district judges in this district. Accordingly, the Court **ORDERS**:

1. Petitioner's motion for the District Judge to intervene (Doc. 74) is **DENIED**.
2. Petitioner's motion for a preliminary injunction (Doc. 75) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 28, 2022**

UNITED STATES DISTRICT JUDGE

2