UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>Respondent. | Case No.   1:21-cv-00187-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR EXONERATION AND RELEASE FROM CUSTODY<br><br>(Doc. No. 85)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 87) |

Petitioner Michael Alan Yocom, a state prisoner proceeding pro se, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1, "Petition").  Before the Court is Petitioner's "motion to exonerate him immediately as to all (6) six counts" and "order an unconditional release" (Doc. No. 85) and Petitioner's motion for appointment of counsel (Doc. No. 87).

**A. Motion for Exoneration and Immediate Release**

In support of this motion to exonerate and for immediate release, Petitioner generally restates the argument asserted in his Petition, and also notes that it has been "six months ago [sic] this Court last ruled and this case is outstanding." (Doc. No. 85 at 1).  To the extent Petitioner is

attempting to expand on arguments in his Petition, neither the Federal Rules of Civil Procedure nor the Local Rules provide for the right to file additional pleadings outside those described in Fed. R. Civ. P. 7(a).  Moreover, "[b]ail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989).  The Court finds Petitioner has not demonstrated special circumstances warranting his release or a high probability of success on the merits of his petition.  Accordingly, his request is denied.

**B. Motion for Appointment of Counsel**

There is no automatic, constitutional right to counsel in federal habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require."  *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the court to appoint counsel:  (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted.  *Id*. at Rs. 6(a) and 8(c). Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings.  Petitioner was able to file his habeas petition and numerous motions throughout the proceedings without the aid of counsel.  Further, the Court finds the circumstances of this case at this time do not indicate that appointed counsel is necessary to prevent due process violations.

Accordingly, it is **ORDERED**:

1. Petitioner's motion for exoneration and immediate release (Doc. No. 85) is DENIED.

2. Petitioner's motion for appointment of counsel (Doc. No. 87) is DENIED.

Dated:   April 4, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE