UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>Respondent. | Case No. 1:21-cv-00187-JLT-HBK (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR REVIEW OF PETITION TO THE LIMITED EXTENT SET FORTH HEREIN<br><br>(Doc. No. 93)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 94) |

Petitioner Michael Alan Yocom, a state prisoner proceeding pro se, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Before the Court is Petitioner's request for a ruling (Doc. No. 93) and Petitioner's motion for appointment of counsel (Doc. No. 94).

**A. Motion for Ruling**

The Court has the discretion to manage its own docket. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). And while the Court endeavors to handle all matters as expeditiously as possible, this Court has "long labored under one of the heaviest caseloads in the nation." *See* Standing Order in Light of Ongoing Judicial Emergency in Eastern District of California.

Accordingly, Petitioner is advised that the Court will issue findings and recommendations regarding his petition in due course. Therefore, Petitioner's motion for a ruling (Doc. No. 93) is granted to the extent that the Court will consider and review this matter as quickly as its caseload permits.

### B. Motion for Appointment of Counsel

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Petitioner asks the Court to appoint counsel "due to his grave mental disability." (Doc. No. 94). In support of his request, Petitioner attaches "findings and an order authorizing involuntary administration of psychiatric medication" from an Administrative Law Judge (ALJ) authorizing involuntary psychiatric medication for the period of May 30, 2023 through May 30, 2024. (*Id*. at 4-6). However, the Court notes that the findings submitted by Petitioner specifically note that only *if* he is not administered psychiatric medication, he is "gravely disabled, and lacks the capacity to consent or to refuse treatment with psychiatric medications." (*Id*. at 5). Moreover, Petitioner has diligently represented himself in these proceedings without the aid of counsel. He was able to file his habeas petition, reply to the Answer filed by Respondent, and file no less than 25 documents with the Court including motions, requests for judicial notice, letters, and objections. (*See generally* docket).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings. *See Allen v. Calderon*, 408 F.3d 1150,

1153 (9th Cir. 2005) ("A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented."). Further, the Court finds the circumstances of this case at this time do not indicate that appointed counsel is necessary to prevent due process violations.

Accordingly, it is **ORDERED**:

1. Petitioner's MOTION for review of the petition (Doc. No. 93) is GRANTED to the limited extent that the Court will review this case as expeditiously as possible in light of its current caseload.
2. Petitioner's motion for appointment of counsel (Doc. No. 94) is DENIED.

Dated:   September 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE