**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ALAN YOCOM,<br><br>  Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON,<br><br>  Respondent. | Case No.: 1:21-cv-0187 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 97)<br><br>ORDER DENYING PETITIONER'S MOTION TO ASSIGN A DISTRICT JUDGE AS MOOT<br><br>(Doc. 96) |

Michael Alan Yocom is a state prisoner proceeding on petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting the trial court erred and his trial counsel was ineffective. (Doc. 1.) The assigned magistrate judge found that the state court's rejection of Petitioner's claims "was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts." (Doc. 97 at 17, 20.) Therefore, the magistrate judge recommended the petition for writ of habeas corpus be denied and that the Court decline to issue a certificate of appealability. (*Id.* at 21.)

Petitioner filed timely objections to the Findings and Recommendations. (Doc. 100.) Petitioner generally claims the magistrate judge failed to analyze his petition "thoroughly." (*Id.* at 1.) Petitioner briefly restates several arguments made in the Petition regarding jurisdiction, the

1

improper admission of evidence, and violation of his Sixth Amendment right to confrontation for failing to compel testimony from City of Porterville police officers. (*Id*. at 1-3.) Petitioner again requests an evidentiary hearing, noting he has made "countless requests" for the Court to hold an evidentiary hearing that were denied. (*Id.* at 1, 3.) Finally, Petitioner contends he should be granted a certificate of appealability. (*Id.* at 2.)

As an initial matter, Petitioner does not meaningfully address the specific findings of the magistrate judge, or the legal bases for the findings. Rather, Petitioner restates the claims in his petition, which the magistrate judge rejected. Petitioner's objections simply provide no basis to reject the pending Findings and Recommendations.

At most, Petitioner raises a general objection as to the thoroughness of the magistrate judge's analysis. Such a general objection is not a proper objection to the Court. *See* Fed. R. Civ. P. 72(b)(2) (requiring any objections to magistrate judges' findings and recommendations to be "specific"); *Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object"); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) (holding general objections do not preserve arguments for appellate review and stating that "[a] district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate judge's report"); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (noting the court "will not manufacture arguments" for parties).

To the extent Petitioner again asserts he is entitled to an evidentiary hearing, he does not raise any grounds for reconsideration of the Court's prior orders denying his request. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. *See Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir.1992). These circumstances are not present in this action.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes

the Findings and Recommendations are supported by the record and proper analysis.

Finally, a petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 22, 2023 (Doc. 97) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
3. Petitioner's Motion to have a District Judge Assigned to the Case to Take Control (Doc. 96) is denied as **MOOT**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **March 15, 2024**

UNITED STATES DISTRICT JUDGE

3