1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11    MICHAEL ALAN YOCUM,                    )  Case No.: 1:21-cv-0187 JLT HBK (HC)
                                             )
12              Petitioner,                  )  ORDER DENYING PLAINTIFF'S MOTION
                                             )  FOR RECONSIDERATION PURSUANT TO
13         v.                                )  RULE 60
                                             )
14    KATHLEEN ALLISON,                      )  (Doc. 103)
                                             )
15              Respondent.                  )
                                             )
16

17           Michael Alan Yocom is a state prisoner, who argued the trial court erred and his trial counsel

18    was ineffective in his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 12.)  The

19    Court determined Petitioner was not entitled to an evidentiary hearing and he was not entitled to habeas

20    relief.  (Doc. 101; *see also* Doc. 97.)  The Court denied the petition and declined to issue a certificate of

21    appealability.  (*Id.*)  Petitioner now seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil

22    Procedure.  (Doc. 103.)  For the reasons set forth below, the motion is **DENIED**.

23    **I.      Procedural History**

24           Petitioner initiated this action by filing a petition on February 26, 2021.  (Doc. 1.)  He filed his

25    first request for an evidentiary hearing only days later, on March 1, 2021, which the Court denied.

26    (Docs. 6.)  While the petition was pending review before the Court, Petitioner proceeded to file more

27    than 20 motions requesting Court action including several additional requests for an evidentiary

28    hearing and motions for the appointment of counsel.  (*See, e.g.,* Docs. 18, 29, 31, 42, 46, 52, 57, 60,

                                              1

64, 68, 74, 87, and 94.)  The Court consistently determined Petitioner failed to show he was entitled to the appointment of counsel.  (*See, e.g.*, Doc. 95 at 2-3; Doc. 88 at 2; Doc. 36 at 1-2.)  In addition, the Court determined an evidentiary hearing was not required to review the merits of the petition.  (*See, e.g.,* Doc. 101 at 2.)

In addressing the merits of Petitioner's claims concerning the trial court and his trial counsel, the magistrate judge found the state court's rejection of Petitioner's claims "was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts." (Doc. 97 at 17, 20.)  Therefore, the magistrate judge recommended the petition for writ of habeas corpus be denied and that the Court decline to issue a certificate of appealability on December 22, 2023.  (*Id.* at 21.)

Petitioner moved for an extension to file objections to the Findings and Recommendations, and the Court granted the request.  (Docs. 98, 99.)  Petitioner then filed objections on February 16, 2024. (Doc. 100.)  Petitioner made general objections to the findings, asserting that the magistrate judge did not "thoroughly" analyze his petition.  (*Id.* at 3.)  He also restated arguments raised in his petition and renewed his request for an evidentiary hearing.  (*Id.* at 2-3.)

The Court reviewed performed a *de novo* review of the entire matter—including Petitioner's objections—and found Petitioner identified "no basis" for the Court to reject the Findings and Recommendations.  (Doc. 101 at 2.)  In addition, the Court found that with Petitioner did not "not raise any grounds for reconsideration of the Court's prior orders denying his request" for an evidentiary hearing.  (*Id.*)  Finally, the Court determined that "reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further" and Petitioner did not show the denial of a constitutional right.  (*Id.* at 3.)  Therefore, the Court denied the petition and declined to issue a certificate of appealability on March 18, 2024.  Petitioner filed the motion for reconsideration now pending before the Court, seeking relief under Rule 60(b), on July 29, 2024.  (Doc. 103.)

**II.     Legal Standard**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding."

1  *Id.*  Rule 60(b) indicates such relief may be granted "for the following reasons:"

2        (1) mistake, inadvertence, surprise, or excusable neglect;

3        (2) newly discovered evidence …;

4        (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

5

6        (4) the judgment is void;

7        (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

8        (6) any other reason that justifies relief.

9

10  Reconsideration of a prior order under Rule 60(b) is an extraordinary remedy "to be used sparingly in

11  the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,

12  229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749

13  (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule

14  60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*,

15  531 F.3d at 749 (internal quotation marks, citation omitted).

16      "A motion for reconsideration should not be granted, absent highly unusual circumstances,

17  unless the district court is presented with newly discovered evidence, committed clear error, or if there

18  is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present

19  evidence for the first time when they could reasonably have been raised earlier in the litigation."

20  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)

21  (internal quotations marks, citations omitted) (emphasis in original).  Further, Local Rule 230(j)

22  requires a movant to show "what new or different facts or circumstances are claimed to exist which did

23  not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and

24  "why the facts or circumstances were not shown" at the time the substance of the order which is

25  objected to was considered.

26  **III.    Discussion**

27      Petitioner indicates he seeks relief under Rule 60(b), indicating he seeks "a reconsideration to

28  just simply to deny or dismiss his petition."  (Doc. 103 at 1.)  He argues, "This whole matter [deserves]

1  appointment of Counsel and an evidentiary hearing… because Petitioner is well document gravily (sic)

2  disabled with schizophrenia not able fairly compete[] [u]nless we had a hearing." (*Id.* at 1 [ellipsis in

3  original, emphasis omitted].)  Petitioner asserts that he "can prove his merits beyond a reasonable

4  doubt," impeach the testimony of a witness for the prosecution, and call a private investigator to testify

5  on his behalf. (*Id.* at 1-2.)  According to Petitioner, the magistrate judge erred by not holding an

6  evidentiary hearing. (*Id.* at 3.)  In addition, Petitioner contends the magistrate judge "would never

7  allow me to amend my writ." (*Id.*)  Finally, Petitioner seemingly questions the delay in addressing the

8  merits by stating: "The magistrate took an untimely three years to answer the writ just to simply to deny

9  it … and denied me a hearing and appointment of Counsel." (*Id.* [ellipsis in original].)

10        **A.**      **Amendment of the petition**

11        As an initial matter, Petitioner's assertion that the magistrate judge would not allow him to

12  amend the writ is contradicted by the record.  The Court's review of the docket reveals that Petitioner

13  did not file any a motion to amend or lodge a proposed amended petition that the Court may have

14  construed as a motion to amend.  Petitioner cannot now claim the Court erred by denying a motion

15  that was never filed.

16        **B.**      **Rule 60(b) grounds**

17        Petitioner does not identify a specific provision under Rule 60(b) to support his request for

18  reconsideration of the Court's prior rulings. (Doc. 103.)  Rather, Petitioner generally indicates his

19  disagreement with the decisions denying his requests for counsel and an evidentiary hearing, without

20  discussing any of the analysis or factors considered by the Court in addressing his motions. (*See id.*)

21  However, disagreement with the Court's orders—such as Petitioner expresses— is not sufficient to

22  support the request for reconsideration. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111,

23  1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the

24  Court's decision"); *Pacific Stock, Inc. v. Pearson Educ.*, 927 F.Supp.2d 991, 1005 (D.Haw. 2013)

25  ("Mere disagreement with a previous order is an insufficient basis for reconsideration.") (citation

26  omitted).  For this reason, the request for reconsideration is fatally flawed.  Nevertheless, Petitioner's

27  request also fails based upon the grounds identified under Rule 60(b).

28  ///

1        1.    Mistake[1]

2        With respect to "mistake," under Rule 60(b)(1), a party "may seek relief from an excusable

3   mistake on the part of a party or counsel, or if the district court has made a substantive error of law or

4   fact in its judgment or order." *Bretana v. Int'l Collection Corp.*, 2010 WL 1221925, at *1 (N.D. Cal.

5   2010) (citing *Utah ex. Rel. Div. of Forestry v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008)).

6   In general, "an inadvertent mistake involves a misunderstanding of the surrounding facts and

7   circumstances." *Melo v. Zumper, Inc.*, 2020 WL 1891796, at*3 (N.D. Cal. Apr. 16, 2020) (citing

8   *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009)).

9        Plaintiff suggests the Court erred in finding he was not entitled to the appointment of counsel

10  based upon his schizophrenia diagnosis.  (Doc. 103 at 1.)  As the Court previously explained, the Sixth

11  Amendment right to counsel does not apply to federal habeas petitions. *See Coleman v. Thompson*, 501

12  U.S. 722, 752 (1991).  However, if a court finds a litigant is incompetent, it has "broad discretion to

13  fashion an appropriate safeguard that will protect an incompetent person's interests," including finding

14  that the incompetent person's interest would be adequately protected by the appointment of a lawyer.

15  *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017).  "In California, a party is incompetent if he or

16  she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist

17  counsel in the preparation of the case." *Pratt v. Kernan*, 2018 WL 11301133, at *2 (N.D. Cal. Oct. 3,

18  2018) (citations omitted).  Pursuant to state law, "evidence of incompetence may be drawn from

19  various sources, but the evidence relied upon must 'speak ... to the court's concern ... whether the

20  person in question is able to meaningfully take part in the proceedings.'" *AT&T Mobility, LLC v.*

21  *Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. Nov. 10, 2015) (quoting *In re Christina B.,* 19 Cal. App.

22  4th 1441, 1451 (1993)).

23       The record before the Court did not raise any concern that Petitioner was unable "to

24  meaningfully take part in the proceedings," as required for the Court to be concerned about his

25  competency and find appointment of counsel was necessary.  Rather, as the Court previously found,

26  Petitioner "diligently represented himself in these proceedings without the aid of counsel." (Doc. 95 at

27

28  ---
[1] There is nothing to suggest that Petitioner argues any "inadvertence, surprise, or excusable neglect" under Rule 60(b)(1).
Accordingly, the Court declines to construe the argument in such a manner.

1  2; *see also* Doc. 88 at 2.)  The Court observed: "He was able to file his habeas petition, reply to the

2  Answer filed by Respondent, and file no less than 25 documents with the Court including motions,

3  requests for judicial notice, letters, and objections." (Doc. 95 at 2.)  Thus, there was no concern for the

4  Court related to Petitioner's ability to understand and engage in the proceedings.  Petitioner fails to

5  show any mistake by the Court in its analyses related to his several requests for counsel.

6         Similarly, to the extent Petitioner contends the Court made a mistake in denying his requests

7  for evidentiary hearings, he again fails to show any substantive error of fact or law.  As the Court

8  explained in its "Order Adopting the Findings and Recommendations":

9           The purpose of an evidentiary hearing is to resolve the merits of a factual
   dispute. An evidentiary hearing on a claim is required where it is clear

10           from the petition that: (1) the allegations, if established, would entitle the
   petitioner to relief; and (2) the state court trier of fact has not reliably

11           found the relevant facts. *See Hendricks v. Vasquez*, 974 F.2d 1099, 1103
   (9th Cir.1992). These circumstances are not present in this action.

12

13  (Doc. 101 at 2.)  Petitioner does not allege anything that would entitle him to relief or that the state

14  court did not reliably find the relevant facts.  Thus, Petitioner is not entitled to relief based upon these

15  findings of the Court.

16         Finally, Petitioner makes no argument related to the findings of the Court that he was not

17  entitled to habeas relief because the state court's rejection of Petitioner's claims "was not contrary to,

18  or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an

19  unreasonable determination of the facts."  (*See* Doc. 97 at 17, 20; Doc. 101.)  Consequently, Petitioner

20  fails to show relief under Rule 60(b)(1) is appropriate for a "mistake" by the Court.

21                 2.     "Newly discovered evidence"

22         Petitioner does not identify any new facts he recently discovered to support his claims for

23  habeas relief.  Indeed, all facts regarding Plaintiff's claims were known to him at the time he filed the

24  petition, and throughout the time the petition was pending before the Court.   Although Petitioner has

25  added new information related to his mental illness, this information does not undermine the findings

26  of the Court that Petitioner was able to articulate his position and meaningfully participate in the

27  habeas proceedings.  Because Plaintiff did not identify "newly discovered evidence" that necessitates

28  reconsideration of any of the challenged orders, Petitioner fails to show he is entitled to relief under

1   Rule 60(b)(2).

2                   3.      Fraud, misrepresentation, or other misconduct

3          "Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of fraud,

4   misrepresentation, or other misconduct of an adverse party." *De Saracho v. Custom Food Mach., Inc.*,

5   206 F.3d 874, 880 (9th Cir. 2000) (citing Fed. R. Civ. P 60(b)(3) [alteration, quotation marks omitted]).

6   This provision "is aimed at judgments [that] were unfairly obtained . . ." *Trendsettah USA, Inc. v.*

7   *Swisher Int'l, Inc.*, 321 F.4th 1124, 1136 (9th Cir 2022) (citation omitted).  "To prevail, the moving

8   party must prove by clear and convincing evidence that the [judgment] was obtained through fraud,

9   misrepresentation, or other misconduct and the conduct complained of prevented the losing party from

10  fully and fairly presenting [his case]." *Id.* (citation omitted).  Petitioner does not point to any fraud,

11  misrepresentations, or other misconduct by Respondent, let alone establish such with clear and

12  convincing evidence in his motion.  As a result, Petitioner is not entitled to relief under Rule 60(b)(3).

13                  4.      Relief under Rule 60(b)(4) and (5)

14         Relief may be granted under when the judgment is void, satisfied, released, or discharged.

15  Fed. R. Civ. P. 60(b)(4), (5).  In addition, relief may be granted when the judgment "it is based on an

16  earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

17  Fed. R. Civ. P. 60(b)(5).  These circumstances are plainly not present in this action.  Consequently, to

18  the extent Petitioner's motion may be construed as seeking relief under Rule 60(b)(4) or Rule 60(b)(5),

19  Petitioner fails to show relief is appropriate.

20                  5.      Relief under Rule 60(b)(6)

21         Rule 60(b)(6) is a "catch-all provision [that] permits relief from a final judgment where there is

22  'any other reason that justifies relief.'"  *FTC v. Hewitt*, 68 F.4th 462, 468 (9th Cir. 2023) (quoting Fed.

23  R. Civ. P. 60(b)(6)).  Relief under Rule 60(b)(6) is generally left to "the 'wide discretion' of the

24  district court" and is "available only in 'extraordinary circumstances." *Id.* (quoting *Buck v. Davis*, 580

25  U.S. 100, 123 (2017).

26         Petitioner suggests the Court should grant reconsideration because the magistrate judge "took

27  an untimely three years" to issue Findings and Recommendations regarding0 the merits of his petition.

28  (Doc. 103 at 3.)  It is well-documented that the Eastern District Court is operating in a state of judicial

emergency, and the judges carry some of the heaviest caseloads in country.  Notably, despite the scare

judicial resources, the Court endeavored to timely rule upon the more than 20 motions filed by

Petitioner.  Although the delay in addressing the merits is an unfortunate consequence of the judicial

emergency suffered by the Eastern District, the Court does not find the time taken to ultimately

address the petition constitutes the "extraordinary circumstances" required under Rule 60(b)(6).

Consequently, Petitioner is not entitled to relief under this provision.

**IV.       Conclusion and Order**

For the reasons discussed above, Plaintiff's motion for relief pursuant to Rule 60(b) of the

Federal Rules of Civil Procedure (Doc. 103) is **DENIED**. This action remains closed.


IT IS SO ORDERED.

Dated:    **August 13, 2024**

UNITED STATES DISTRICT JUDGE

8